UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RELIANT CARE MANAGEMENT, COMPANY, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:10 CV 38 CDP |
| HEALTH SYSTEMS INC., et al., | ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

In this copyright infringement case, plaintiff Reliant Care Management Company, Inc. alleges that it created a unique system – the Focus Program – for treating individuals with behavioral problems residing in skilled nursing facilities. After creating the Program, Reliant Care entered into licencing agreements with several nursing facilities in Missouri, including plaintiffs Chariton Park Health Care Center, North Village Park, and Bridgewood Health Care Center. According to these agreements, the nursing facilities are licensed to use Reliant Care's Focus Program with their patients. Defendants are other Missouri-based skilled nursing facilities that have not been licensed by Reliant Care to provide the Focus Program. After plaintiffs began to suspect that defendants were using the Focus Program without Reliant Care' permission, plaintiffs filed this action.

Discovery is currently underway, and plaintiffs now move to amend their complaint to add additional plaintiffs and defendants and to clarify their allegations and the relief they seek. Specifically, plaintiffs contend that recent discovery has revealed additional unauthorized use of the Focus Program by defendants and other skilled nursing facilities, which has caused harm to plaintiffs and other, non-party nursing facilities licensed by Reliant Care to use the Focus Program. Plaintiffs seek to add as plaintiffs the additional nursing facilities licensed by Reliant Care, and to add as defendants the other skilled nursing facilities that are allegedly using the Focus Program without Reliant Care's permission.[1] Defendants oppose the motion. Because I determine that plaintiffs's motion to amend is timely and is not unfairly prejudicial to defendants, I will grant it.

## Discussion

Under Federal Rule of Civil Procedure 15, a district court should grant leave to amend freely "when justice so requires," Fed. R. Civ. P. 15(a)(2), and a motion to amend should only be denied for limited reasons, including plaintiff's undue delay or bad faith in bringing the motion, or unfair prejudice to defendant. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir.

---

[1] The proposed plaintiffs are Levering Regional Health Care Center, Bernard Care Center, Crestwood Health Care Center, Heritage Care Center of Berkeley, and Four Seasons Living Center. The proposed defendants are N&R of Chillicothe, BKY Healthcare of Savannah, N&R of Farmington, N&R of Sweet Springs, and Vienna Nursing & Rehab.

2008). The party opposing the amendment has the burden of demonstrating that the amendment would be unfairly prejudicial. *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001). Whether to grant a motion for leave to amend is within the discretion of the district court. *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).

Here, defendants first argue that plaintiffs' motion should be denied because plaintiffs have known about the additional violations by the proposed defendants since at least October of 2009.[2] In support of this argument, defendants present documents they produced to plaintiffs in September and October of 2009, which, defendants claim, reveal that the proposed defendants use behavioral treatment programs similar to Reliant Care's Focus Program. Plaintiffs do not deny that they received these documents in the fall of 2009. Instead, they claim they did not realize how substantially similar the proposed defendants' treatment programs and the Focus Program were until May of 2010, when plaintiffs and their experts completed their review of thousands of other documents produced by defendants. Plaintiffs then filed their motion to add these proposed defendants in June of 2010.

---

[2]In their opposition to plaintiffs' motion to amend, defendants do not contest the addition of new plaintiffs or the clarifications to plaintiffs' claims and requests for relief.

After reviewing the record and evidence submitted by the parties, I conclude that plaintiff's motion was not unduly delayed. Although defendants produced some documents in the fall of 2009 indicating that proposed defendants were using programs similar to the Focus Program, plaintiffs were unable to determine how similar those programs were until May of 2010, and they filed a motion within one month of that determination. I also conclude that defendants' other arguments for denying plaintiffs' motion – plaintiffs' alleged dilatory practices and unfair prejudice to defendants – similarly fail. In support of their reply, plaintiffs have produced evidence showing that both parties have had to delay discovery for legitimate reasons, and the record as a whole does not support defendants' assertion that plaintiffs have been dilatory in complying with discovery deadlines. Finally, I conclude that the prejudice to defendants in granting plaintiffs' leave to amend their complaint is not so substantial that I must deny plaintiffs' motion. The parties are in the middle of discovery, and they have already produced to each other many documents relevant to the new defendants.

For these reasons, I will grant plaintiffs' motion to amend their complaint to add new plaintiffs and defendants and to clarify their allegations and requests for relief.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' amended motion to amend their complaint [#32] is granted, and plaintiffs' first amended complaint is deemed filed as of this date. Plaintiffs are reminded of their obligation to promptly serve the newly added defendants.

**IT IS FURTHER ORDERED** that plaintiffs' initial motion to amend their complaint [#30] is denied as moot.

**IT IS FURTHER ORDERED** that, no later than **November 15, 2010,** the parties shall file a joint proposal suggesting any further amendments to the Case Management Order that may be needed in light of today's Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 12th day of October, 2010.