UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RELIANT CARE MANAGEMENT, | ) | |
| COMPANY, INC., et al., | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV38 CDP |
| | ) | |
| HEALTH SYSTEMS, INC., et al., | ) | |
| | ) | |
|      Defendants. | ) | |

## MEMORANDUM AND ORDER

Last week I denied defendants' summary judgment motions directed to plaintiffs' claim of copyright infringement (Count I) and misappropriation of trade secrets (Count III).  Remaining for decision are the motions directed to the common-law counts of plaintiffs' complaint.  I conclude that defendants are entitled to summary judgment on all of plaintiffs' common-law claims except for the claim of statutory trespass, for the reasons that follow.  The discussion of the facts and law in my September 15, 2011 decision [#126] are fully incorporated into this Memorandum and Order and will not be repeated.

## Discussion

Defendants seek summary judgment on all of plaintiffs' common-law claims:  unfair head start (Count II), unfair competition (Count IV), tortious

interference with business expectancy (Count V), conversion (Count VI), statutory trespass (Count VII), and prima facie tort (Count VIII).  Plaintiffs seek summary judgment on the unfair head start claim.  Defendants argue that most of the counts require proof of a trade secret and that plaintiffs cannot prove that their programs constitute trade secrets.  They also argue that all the claims are preempted by the Missouri Uniform Trade Secrets Act (MUTSA), Mo. Ann. Stat. § 417.450 *et seq*.  I conclude that plaintiffs' unfair head start, unfair competition, tortious interference, conversion, and prima facie tort claims are all preempted by MUTSA.  Three of the claims fail for other reasons as well.  I will grant defendants summary judgment on all common-law claims except for statutory trespass, which survives the motion.

**Preemption**

MUTSA "displace[s] conflicting tort, restitutionary, and other laws . . . providing civil remedies for misappropriation of a trade secret."  Mo. Ann. Stat. § 417.463.  The Missouri Supreme Court and Courts of Appeals have not considered the issue of what claims are preempted by this section, but federal district courts in Missouri have done so.[1]  *See, e.g., Secure Energy, Inc. v. Coal*

---

[1]At least one Missouri Court of Appeals case, *Lyn-Flex West, Inc. v. Dieckhaus*, 24 S.W.3d 693 (Mo. Ct. App. 1999) involved MUTSA and tortious interference claims based on the same facts, but the case did not discuss the preemption question at all.  The Eighth Circuit Court of Appeals has not decided the issue, but instead chose to "leave for another day" the preemption question presented in *Conseco Finance Servicing Corp.*, 381 F.3d 811, 820 (8th Cir. 2004).  And in *Synergetics, Inc. v. Hurst*, 477 F.3d 949, 959 (8th Cir. 2007), the 8th Circuit did not discuss

*Synthetics, LLC*, No. 4:08CV1719 JCH, 2010 WL 1691454 (E. D. Mo. April 27, 2010); *Bancorp Servs., L.L.C. v. Hartford Life Ins. Co.*, No. 4:00CV70 CEJ, 2002 WL 32727076, at * 4 (E.D. Mo. Feb. 25, 2002). These courts have concluded that common-law claims are preempted by MUTSA if they are based on facts related to the misappropriation of trade secrets claim. *See also Hallmark Cards v. Monitor Clipper Partners*, 757 F. Supp. 2d 904, 917 (W.D. Mo. 2010) (claims for conversion and unjust enrichment would be preempted by MUTSA if the information constituted a trade secret).

Plaintiffs argue that some of their common-law claims are valid because they depend on proof of other facts. They argue, for instance, that their unfair head start claim does not require proof of a trade secret, but rather proof that defendants misappropriated their proprietary information, whether confidential or not. *See, e.g., Inauen Packaging Equip. Corp. v. Integrated Indus. Servs., Inc.*, 970 S.W.2d 360, 370 (Mo. Ct. App. 1998) ("In order to receive compensation for head start liability, defendants had to show that plaintiffs misused or misappropriated Integrated's property, such as documents, drawings, blueprints, or materials.").

But plaintiffs' pleadings unequivocally base these claims on misuse of trade

---

preemption when it affirmed a verdict for trade secret misappropriation, tortious interference with contract, and breach of confidentiality agreements.

secrets.   Count II alleges that defendants "misused and misappropriated" plaintiffs' "trade secrets and confidential and proprietary information."  (Complaint ¶ 78).  Count IV alleges that defendants unfairly competed by using  plaintiffs' "trade secrets, confidential and proprietary information."  (Complaint ¶¶ 88, 91). This claim is all but identical to the MUTSA claim.  Count V alleges that the tortious conduct was "gaining access to and misappropriating Plaintiffs' confidential, proprietary, and trade secret information."  (Complaint ¶ 95).  In their brief opposing summary judgment plaintiffs concede that this claim is necessarily dependent on the misappropriation of trade secrets claim.  Plaintiffs cannot change their theories now.  *See Knudsen v. United States*, 254 F.3d 747, 752 (8th Cir. 2001) (judicial efficiency demands that a party not be allowed to controvert "what it has already unequivocally told a court by the most formal and considered means possible").  Plaintiffs are bound by their pleadings, and Counts II, IV, V, VI, and VIII are preempted by MUTSA.  The head start, conversion, and prima facie tort counts fail for other reasons as well.

### Head Start

I agree with defendants that Missouri law does not recognize "unfair head start" as an independent tort, and so defendants are entitled to summary judgment on Count II even if the claim is not preempted.  The head start rule is only a rule of

remedy.  It  limits the plaintiffs' remedy under any of the business tort theories to the time it would have taken the defendant to reproduce the process or obtain the business if it had not committed the tort.  *See, e.g., Superior Gearbox Co. v. Edwards*, 869 S.W.2d 239 (Mo. App. 1993).  The Eighth Circuit has explained that "Missouri courts employ the 'head start' rule, which provides that by misappropriating the trade secrets, a defendant is able to 'cut short' the time it would normally take to produce and market a competitive product." *Synergetics, Inc. v. Hurst*, 477 F.3d 949, 961 (8th Cir. 2007).  Thus, "[a] defendant should be enjoined only for the time it would take to produce and market the competitive product, absent the misappropriation." *Id.*

The plaintiffs cite several cases to support their incorrect proposition that unfair head start is a valid tort claim.  But these cases only considered it as a remedy for some other tort.  In *National Rejectors, Inc. v. Trieman*, the Missouri Supreme Court analyzed "head start" when it looked at "what the defendant should be required to pay the plaintiff" for its otherwise tortious conduct.  409 S.W.2d 1, 43-44 (Mo. 1966).  In *Walter E. Zemitzsch, Inc. v. Harrison*, the Missouri Court of Appeals described "unfair headstart, or short cut liability," as a "measure of damages."  712 S.W.2d 418, 422 (Mo. App. 1986).  And in *Inauen Packing Equipment Corp. v. Integrated Industrial Services, Inc.*, 970 S.W.2d 360 (Mo.

App. 1998), the Missouri Court of Appeals again explained head start in terms of compensation for misappropriation.  This claim would fail even if it were not preempted.

### Conversion

The conversion claim (Count VI) also fails for an independent reason. Under Missouri law, there are three elements of a conversion claim: "(1) plaintiff was the owner of the property or entitled to its possession; (2) defendant took possession of the property with the intent to exercise some control over it; and (3) defendant thereby deprived plaintiff of the right to possession."  *Weicht v. Suburban Newspapers of Greater St. Louis, Inc.*, 32 S.W.3d 592, 596 (Mo. App. 2000).  Here plaintiffs have not alleged that they were deprived of their property – they allege instead that defendants had a *copy*, and this is not sufficient.  "Under Missouri law, a copy of a document cannot be converted where the owner has not been deprived of possession of the property or prevented from utilizing the property."  *Monarch Fire Protection Dist. of St. Louis County, Missouri v. Freedom Consulting & Auditing Services, Inc.*, 644 F.3d 633, 637 (8th Cir. 2011).

### Prima Facie Tort

Count VIII purports to allege a claim for prima facie tort, but it also fails for an independent reason.  In Missouri, prima facie tort requires four elements: "(1)

an intentional lawful act by defendant; (2) defendant's intent to injure the plaintiff;

(3) injury to the plaintiff; and (4) an absence of or insufficient justification for

defendant's act." *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 315 (Mo.

1993).

Plaintiffs have alleged that "[s]hould this Court determine that Defendants'

conduct did not amount to unlawful activity, Defendants intentionally engaged in

lawful activity with an intent to injure Plaintiffs."  (Complaint ¶ 111).  But a

plaintiff may not bring a claim for prima facie tort "to avoid the inability to prove

one element of a nominate tort that is otherwise applicable under the facts."

*Thomas v. Special Olympics Missouri, Inc.*, 31 S.W.3d 442, 450 (Mo. App. 2000).

In *Nazeri*, the Supreme Court rejected an argument similar to that made here:

> [t]he mere conclusory allegation that appellant might not have "stated
> a claim under her other counts" does not necessarily establish the
> subsequent conclusory allegation that respondent's actions "were
> lawful and done under proper authority."  Neither do these two
> allegations together state facts establishing the requisite elements of a
> prima facie tort claim.

860 S.W.2d at 315.   Plaintiffs' allegations here are analogous to those rejected in

*Nazeri*, and must be rejected for the same reason.

**Statutory Trespass**

Although defendants include Count VII in their motion, they make no

argument that the claim for trespass to personal property brought under § 537.330,

R. S. Mo., requires that the property be a trade secret.  Indeed, both parties largely ignore this claim in their briefs, but there is no reason for me to conclude that it is preempted or subject to summary judgment on any other basis.  I will deny summary judgment on Count VII.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for partial summary judgment on Counts II-VIII [#96] is granted as to all counts except Count VII. .

**IT IS FURTHER ORDERED** that plaintiffs' motion for partial summary judgment [#78] is denied.

**IT IS FURTHER ORDERED** that defendant's motion for leave to file a sur-reply [#120] is granted.

_____
UNITED STATES DISTRICT JUDGE

Dated this 19th day of September, 2011.